Matter of Donald (2018 NY Slip Op 03359)





Matter of Donald


2018 NY Slip Op 03359


Decided on May 9, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JEFFREY A. COHEN, JJ.


2016-06824

[*1]In the Matter of Farrel R. Donald, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Farrel R. Donald, respondent. (Attorney Registration No. 4671574)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 12, 2009. By decision and order on motion dated May 2, 2017, this Court immediately suspended the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a), the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated June 30, 2016, and the matter was referred to David I. Ferber, Esq., as Special Referee, to hear and report.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Cardenas Islam & Associates, PLLC, Jamaica, NY (Barak Cardenas of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On August 4, 2016, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moved by order to show cause for, inter alia, an order immediately suspending the respondent from the practice of law upon a finding that he was guilty of professional misconduct based on his failure to comply with the lawful demands of the Grievance Committee, and authorizing it to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated June 30, 2016. The verified petition contained five charges of professional misconduct alleging that the respondent had failed to cooperate with the Grievance Committee's investigation of 14 complaints of professional misconduct filed against him in 2015 and 2016. The motion was served on the respondent on August 5, 2016, by substituted service authorized by this Court. The respondent did not respond, nor did he request additional time in which to do so, within the time frame set forth in the aforementioned order to show cause.
Thereafter, the respondent was granted leave by this Court to submit a response to the Grievance Committee's motion by November 1, 2016. On November 1, 2016, the respondent filed an "Answer" with the Court; however, the papers due were not an answer to the verified petition, since a disciplinary proceeding had not yet been authorized, but a response to the issues raised with regard to whether the respondent should be immediately suspended. Accordingly, the Clerk of the Court rejected the "Answer" and advised by telephone the respondent's then-counsel [*2]of the rejection. The respondent was given a brief extension until November 9, 2016, to submit the proper responsive papers.
The respondent ultimately filed papers in opposition to the motion for his immediate suspension. By affirmation dated November 7, 2016, the respondent opposed the motion. The respondent acknowledged that he failed to timely respond to the Grievance Committee's inquiries, but he claimed that he was now prepared to cooperate fully with the investigation. Notwithstanding such claim, the respondent's cooperation going forward proved unsatisfactory. In view of the respondent's protracted history of noncooperation with regard to multiple complaints, and the respondent's continued lack of full cooperation with the Grievance Committee's investigation, this Court immediately suspended the respondent from the practice of law by decision and order on motion dated May 2, 2017. By the same order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on the verified petition dated June 30, 2016.
On May 9, 2017, the respondent's then-counsel was served with a copy of the notice of petition, and the verified petition dated June 30, 2016. The notice of petition directed the respondent to file a verified answer with this Court, and serve the same on the Special Referee and the Grievance Committee, within 20 days of service of the petition. On May 30, 2017, the respondent notified the Grievance Committee that he had discharged his attorney and that he was in the process of retaining new counsel. As a consequence, the respondent requested an extension of time to answer the verified petition and to provide additional information that had been requested. The respondent thereafter retained new counsel, who continues to represent him.
No answer to the verified petition dated June 30, 2016, was filed, nor was an additional request for an extension of time ever made by either the respondent or new counsel. As a consequence, in July 2017, the Grievance Committee moved to deem the charges in the verified petition established upon the respondent's default in filing an answer. The respondent opposed the motion, claiming that the Court had mistakenly overlooked the fact that an answer had indeed been filed on or about November 1, 2016. The respondent also asked to be diverted to a monitoring program pursuant to 22 NYCRR 1240.11.
While the record was clear that the "Answer" filed November 1, 2016, had been rejected by the Clerk of the Court and returned to the respondent's then-counsel, this Court, cognizant of the possible confusion that may have occurred with the change in attorneys, by decision and order on motion dated December 14, 2017, denied the Grievance Committee's motion on condition that the respondent serve an answer to the verified petition dated June 30, 2016, on or before December 26, 2017. This Court's order indicated that no further extension of time would be granted, and that in the event the respondent did not serve and file an answer to the verified petition dated June 30, 2016, on or before December 26, 2017, the respondent would be disbarred upon default, without further notice. By the same order, the respondent's application for relief under 22 NYCRR 1240.11 was denied.
On December 26, 2017, the respondent filed an affidavit sworn to on December 22, 2017, entitled "Regarding Answer to June 30, 2016 Petition." The respondent did not file an answer to the verified petition as directed. Instead, he claimed that the opposition papers he filed in response to the order to show cause seeking his interim suspension "served as an Answer to the charges in the Petition as well as a response to the Order to Show Cause." The respondent also renewed his request for diversion to a monitoring program.
No answer to the verified petition dated June 30, 2016, having been filed, this Court now finds that the respondent has failed to comply with the condition set forth in the decision and order on motion dated December 14, 2017. Accordingly, the Grievance Committee's motion to adjudicate the respondent in default is now granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and COHEN, JJ.,concur.
ORDERED that, upon the respondent's failure to comply with the condition set forth in the decision and order of this Court dated December 14, 2017, the petitioner's motion to adjudicate the respondent in default is granted, and the respondent's renewed application for diversion to a monitoring program is denied; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Farrel R. Donald, is disbarred, and his name is stricken from the roll of attorneys and [*3]counselors-at-law; and it is further,
ORDERED that the respondent, Farrel R. Donald, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Farrel R. Donald, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Farrel R. Donald, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court